```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JEANNIE A. MOTLEY,              :
                                :     NO. 1:08-CV-00418
         Plaintiff,             :
                                :
   v.                           :
                                :     **OPINION AND ORDER**
                                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
         Defendant.             :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the ALJ's finding be reversed and remanded for further proceedings (doc. 10). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff first applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in April 2006, alleging disability commencing August 2, 2004 (Id.). This application was denied initially and on reconsideration (Id.). After a de novo hearing, the administrative law judge ("ALJ") issued an opinion denying Plaintiff's DIB and SSI applications (Id.). The Appeals Counsel denied review, making the ALJ's decision Defendant's final determination (Id.).

On appeal, Plaintiff raised five assignments of error:

> First, plaintiff alleges the ALJ erred in assessing plaintiff's mental residual functional capacity. Second, plaintiff argues the ALJ erred by rejecting Dr. Phillip's finding that plaintiff would likely miss four days of work per month. Third, plaintiff contends the ALJ erred by failing to assess whether plaintiff meets or equals Listing 1.02(A). Fourth, plaintiff argues that the ALJ erred by not finding plaintiff wholly credible. Fifth, plaintiff contends that [the] ALJ erred when he relied on answers to improper hypothetical questions to the vocational expert in assessing plaintiff's disability claim (Id.).

**II. Standard of Review**

Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir.

1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. Smith v. Halter, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." Id. (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

**III. Discussion**

The Magistrate Judge thoroughly reviewed the applicable law and medical evidence, and concluded that in regards to Plaintiff's third assignment of error, the ALJ's listing decision

was without substantial support in the record and should be reversed (Id.). The Magistrate found that the ALJ failed to give any explanation or discussion of the evidence on the issue of whether Plaintiff meets or equals Listing 1.02A (Id.). The Magistrate Judge noted that Hurst v. Secretary of H.H.S., 753 F.2d 517, 519, requires the ALJ to articulate the evidence accepted or rejected when making a disability finding to enable the reviewing court to engage in a meaningful judicial review (doc. 10, also citing Rogers v. Commissioner, 486 F.3d 234, 248 n.5 (6th Cir. 2007)). Therefore, in absence of any such explanation with regards to Listing 1.02A, the Magistrate Judge found that the ALJ's finding that plaintiff does not meet or equal a listed impairment is not supported by substantial evidence and should be reversed (Id.). Because all essential factual issues have not been resolved in this matter, the Magistrate Judge recommended this matter be remanded for further proceedings and the taking of additional evidence (Id.). The Magistrate Judge recommended that remand "include a determination of whether plaintiff's impairments or combination of impairments meets or equals Listing 1.02A" as well as "further vocational considerations" (Id.).

The Magistrate Judge reviewed Plaintiff's remaining assignments of error and found them to be without merit (Id.). The Court, having fully reviewed this matter, finds the Report and Recommendation well-reasoned, thorough, and correct.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**III. Conclusion**

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 16), and thereby REVERSES the ALJ's decision, and REMANDS this matter to the ALJ for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

SO ORDERED.

Dated: April 8, 2009        /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge